J-S10021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID MCHIRELLA | : | |
| | : | |
| Appellant | : | No. 649 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 31, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006530-2022

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.: **FILED: APRIL 15, 2024**

Appellant, David McHirella, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his stipulated bench trial conviction for failure to comply with sex offender registration requirements under Subchapter I of the Sexual Offender Registration and Notification Act ("SORNA II").[1] We affirm.

---

[1] **See** 18 Pa.C.S.A. § 4915.2(a)(1). By way of background, we note that following **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017) (plurality), *cert. denied*, 583 U.S. 1107, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018) and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017) ("**Butler I**"), *rev'd*, 657 Pa. 579, 226 A.3d 972 (2020) ("**Butler II**"), the Pennsylvania General Assembly enacted legislation to amend SORNA I. **See** Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several provisions of SORNA I, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and
*(Footnote Continued Next Page)*

The relevant facts and procedural history of this case are as follows.  On August 8, 1989, Appellant pled guilty to rape.  The court sentenced him to serve 6-12 years' imprisonment, consecutive to any other sentence Appellant was serving.  Because Appellant was serving another sentence at that time, his rape sentence began on November 2, 1994.  Appellant was released from incarceration on November 2, 2006.  Pursuant to the sex offender registration requirements then in effect, Appellant was subject to lifetime registration for the rape conviction.

On August 3, 2022, the Commonwealth charged Appellant with failure to register (18 Pa.C.S.A. § 4915.2(a)(1)) and failure to verify his address (18 Pa.C.S.A. § 4915.2(a)(2)).  Appellant proceeded to a stipulated bench trial on March 31, 2023.  Following trial, the court convicted Appellant of failure to register at Section 4915.2(a)(1).  The court found Appellant not guilty of failure to verify his address.  That same day, the court sentenced Appellant to 4-10 years' imprisonment.  On April 6, 2023, Appellant filed a request for an extension of time to file post-sentence motions.  The court granted the extension request that day, giving Appellant 30 days after the receipt of the trial transcript to file his post-sentence motions.  On May 30, 2023, Appellant timely filed post-sentence motions, which the court denied on May 31, 2023.

---

reenacting several SORNA I provisions, effective June 12, 2018.  *See* Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29").  Through Act 10, as amended in Act 29 (collectively, SORNA II), the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I.

Appellant timely filed a notice of appeal on June 6, 2023. On June 8, 2023, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant timely filed his Rule 1925(b) statement on June 22, 2023.

Appellant raises one issue for our review:

> Whether the evidence presented at trial was sufficient as a matter of law to sustain a conviction for failure to register?

(Appellant's Brief at 3).

Appellant argues that the Commonwealth presented insufficient evidence that he was required to register under Section 4915.2(a). Specifically, Appellant claims this statute applies only to individuals who are subject to registration under either 42 Pa.C.S.A. § 9799.55 (referring to Subchapter I of SORNA II) or former 42 Pa.C.S.A. § 9793 (part of Megan's Law I, relating to registration of certain offenders for ten years). As to the latter, Appellant insists that because he committed the underlying rape offense prior to the enactment of Megan's Law I, former Section 9793 does not apply to him. Appellant maintains that Megan's Law I required registration upon release from incarceration, so it does not apply to Appellant because he was incarcerated for the entire time that Megan's Law I was in effect.

Appellant further contends that he does not meet the criteria for individuals subject to registration under 42 Pa.C.S.A. § 9799.55. Appellant avers that he is not an individual who has been convicted "in this Commonwealth of offenses set forth in [42 Pa.C.S.A. § 9799.55(b)(2)(i)(A)]

who were required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired." (Appellant's Brief at 11-12). Although Appellant admits he has a rape conviction for an offense that occurred in 1988, he emphasizes that he was never required to register under a former sex offender registration law because no such valid law existed when he was released from incarceration in 2006.

Appellant complains that there was no registration requirement at the time he committed the rape offense, the time of his rape conviction, or at the beginning of his sentence. Appellant submits that he was incarcerated throughout the duration of Megan's Law I and II and was released in 2006, when Megan's Law III was in effect. Appellant emphasizes that in 2013, the Pennsylvania Supreme Court struck down Megan's Law III in its entirety in **Commonwealth v. Neiman**, 624 Pa. 53, 84 A.3d 603 (2013).

Although Appellant acknowledges the passage of Subchapter I of SORNA II, Appellant insists that the law is unclear regarding whether Subchapter I can apply to individuals like Appellant, who committed and were convicted of sexual offenses prior to the existence of any version of Megan's Law, who were incarcerated for the duration of Megan's Law I and II, and who were released from prison due to the expiration of their sentence when Megan's Law III was in effect. Appellant hinges his argument on the language of 42 Pa.C.S.A. §

9799.55(b)(2)(i)(B), arguing that Megan's Law III cannot be considered a "former sexual offender registration law of this Commonwealth." (Appellant's Brief at 15).[2] Relying on **Commonwealth v. McIntyre**, 659 Pa. 428, 232 A.3d 609 (2020), Appellant submits that Megan's Law III is *void ab initio*, meaning that the courts must treat it as if it never existed. Consequently, Appellant asserts that he was never required to register under Megan's Law III, because the statute never existed. In other words, Appellant posits that Megan's Law III cannot be considered a "former sexual offender registration law of this Commonwealth" for the purpose of requiring individuals to register under 42 Pa.C.S.A. § 9799.55(b)(2)(i)(B). Appellant maintains he was not subject to the requirements of Section 9799.55(b), which was necessary to sustain his conviction for failure to register under Section 4915.2(a)(1). Appellant concludes the Commonwealth presented insufficient evidence to sustain his conviction, and this Court must grant relief. We disagree.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the

---

[2] We do not construe Appellant's argument as raising an *ex post facto* challenge or attacking the constitutionality of Subchapter I. (**See id.**) (stating: "This analysis is completely divorced from the *ex post facto* analysis, and the constitutionality of Subchapter I has no bearing on this issue").

crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the Appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019)

(quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa.Super.

2013)).

The Crimes Code defines the offense of failure to register as follows:

**§ 4915.2. Failure to comply with 42 Pa.C.S. Ch. 97 Subch. I registration requirements**

**(a) Offense defined.**—An individual who is subject to registration under 42 Pa.C.S. § 9799.55(a), (a.1) or (b) (relating to registration) or who was subject to registration under former 42 Pa.C.S. § 9793 (relating to registration of certain offenders for ten years) commits an offense if the individual knowingly fails to:

(1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.56 (relating to registration procedures and applicability)[.]

18 Pa.C.S.A. § 4915.2(a)(1).

- 6 -

Section 9799.55 describes those individuals subject to registration, in pertinent part, as follows:

**§ 9799.55.  Registration**

\*     \*     \*

**(b) Lifetime registration.**—The following individuals shall be subject to lifetime registration:

\*     \*     \*

(2) Individuals convicted:

\*     \*     \*

(i)(B) in this Commonwealth of offenses set forth in clause (A) who were required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired[.]

42 Pa.C.S.A. § 9799.55(b)(2)(i)(B).  ***See also*** 42 Pa.C.S.A. § 9799.55(b)(2)(i)(A) (enumerating rape as one of offenses at issue).

In ***Commonwealth v. Barger***, No. 440 WDA 2022, 2023 WL 3068632 (Pa.Super. filed Apr. 25, 2023) (unpublished memorandum),[3] the appellant pled guilty to certain sex offenses in 2006, which required him to comply with the registration requirements of Megan's Law III, which was the current law requiring sex offender registration at that time.  In March 2019, the police charged the appellant with one count of failure to comply with the registration

---

[3] ***See*** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

requirements of Subchapter I of SORNA II. The appellant entered a negotiated guilty plea to the offense, and the court sentenced him to four to eight days' imprisonment with credit for time served.

On appeal, the appellant argued, *inter alia*, that Megan's Law III, under which he originally was required to register, was found unconstitutional in **Neiman**. The appellant claimed that because our Supreme Court declared Megan's Law III void in **Neiman**, the appellant's duty to register never existed. The appellant insisted that "the General Assembly cannot revive what did not exist." **Barger, supra** at *2.

In response to this argument, this Court stated:

> We reject [the appellant's] claim based on **Neiman** as frivolous. In **Neiman**, the Pennsylvania Supreme Court found Megan's Law III unconstitutional because it violated the single-subject rule of the Pennsylvania Constitution. However, Subchapter I provides that "nothing in this subchapter shall be construed to relieve an individual from the obligation to register with the Pennsylvania State Police under this subchapter if the individual … (1) committed a sexually violent offense within this Commonwealth … and (2) … would have been required to register with the Pennsylvania State Police under Megan's Law III … but for the decision by the Pennsylvania Supreme Court in [**Neiman**]." 42 Pa.C.S.S. § 9799.75(a)(1), (2).[5]
>
> [5] In issuing its decision in **Neiman**, the Supreme Court held its decision for 90 days, to allow the General Assembly "to consider appropriate remedial measures." Within the 90 days, the General Assembly amended SORNA to provide that it would apply to persons required to register with the state police at any time before SORNA's effective date.

**Barger, supra** at *3 (some internal citations omitted). **See also**

*Commonwealth v. Downward*, No. 634 MDA 2021 (Pa.Super. Mar. 14, 2022) (unpublished memorandum), *appeal denied*, ___ Pa. ___, 284 A.3d 1181 (2022) (agreeing with trial court that because appellant was previously subject to registration under Megan's Law III, and his lifetime registration had not expired, he was and is subject to SORNA I and its replacement, SORNA II; although Supreme Court found Megan's Law III unconstitutional, that ruling did not operate to remove appellant from class of existing registrants subject to registration).

Instantly, the trial court addressed Appellant's claim as follows:

At the stipulated nonjury trial on March 31, 2023, Appellant stipulated to the following:

Both parties are stipulating to the authenticity of the certified Megan's Law packet mailed to [Appellant]. This packet would show that [Appellant] had a Megan's Law start date of October 10th of 2006 and that he is a lifetime registrant and that on June 14th of 2022 that he registered his primary residential address as 1308 Stranmore Street, Pittsburgh, Pennsylvania 15212.

(Nonjury trial transcript, Mar. 31, 2023, … at 29). Appellant stipulated that the Commonwealth had two witnesses "who would have testified that [Appellant] left 1308 Stranmore Street on July 8th and did not return to this address." *Id.* Appellant further stipulated:

We also would be stipulating to the underlying second offense, the August 8, 1989 conviction for rape at CC 88-13121 as well as [Appellant's] conviction on March 8th of 2022 for failure to register with PSP and with that.

[(*Id.* at 30)]. Since Subchapter I applies to Appellant, his *Neiman*-based challenge fails, and his allegation of error is

- 9 -

without merit.

(Trial Court Opinion, filed October 31, 2023, at 5-6).

We agree with the trial court's analysis. The crux of Appellant's argument is that because Megan's Law III was declared unconstitutional and held to be *void abinitio*, he was never required to register, such that Megan's Law III cannot be considered a "former sexual offender registration law of this Commonwealth" for the purpose of requiring individuals to register under 42 Pa.C.S.A. § 9799.55(b)(2)(i)(B). Nevertheless, this Court has previously rejected this argument. ***See Barger, supra***; ***Downward, supra***. Although Appellant tries to distinguish the facts of his case by emphasizing that he pled guilty and was convicted before Megan's Law III was in effect, he also acknowledges that the date of his release from prison controls regarding the applicable registration scheme.[4] (***See*** Appellant's Brief at 13) (citing

_____

[4] We reiterate that Appellant does not purport to advance an *ex post facto* claim, so we will not address an argument on such grounds. Although Appellant relies on ***Commonwealth v. Ziff***, No. 1154 MDA 2021 (Pa.Super. filed Apr. 1, 2022) (unpublished memorandum) to support his appellate claim, that case involved an express *ex post facto* challenge and not a challenge to the sufficiency of the evidence. To the extent Appellant might be attempting to raise an *ex post facto* claim, that argument is waived for failure to specify it in his court-ordered Rule 1925(b) statement. (***See*** Rule 1925(b) Statement, filed 6/22/23, at ¶ 11(d)) (specifying claim to be raised on appeal as follows: "The Commonwealth failed to present evidence demonstrating that [Appellant's] requirement to register was not void in light of the Pennsylvania Supreme Court holding in [***McIntyre, supra***] (stating that Act 152 of 2004 should be treated such that the 'statutory authority never existed')…"). ***See also Commonwealth v. Bonnett***, 239 A.3d 1096 (Pa.Super. 2020), *appeal denied*, 666 Pa. 83, 250 A.3d 468 (2021) (explaining general rule that concise
*(Footnote Continued Next Page)*

*Commonwealth v. Benner*, 853 A.2d 1068 (Pa.Super. 2004)).  Further, based on his stipulations at trial, Appellant does not dispute that he failed to register with the Pennsylvania State Police as set forth in Subsection (a)(1) of the statute.  *See* 18 Pa.C.S.A. § 4915.2(a)(1).  Therefore, Appellant's sufficiency challenge fails on the grounds alleged.  Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/15/2024

_____

statement that is too vague can result in waiver of issues on appeal). Likewise, to the extent Appellant attacks the sufficiency of the evidence by arguing that he was not "required to register" under a former sex offender registration law of this Commonwealth based on *ex post facto* grounds, Appellant failed to specify that claim in his Rule 1925(b) statement.  *See id.*